UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BECKNELL DEVELOPMENT, L.L.C., )
an Illinois limited liability company, )
                                       )
        Plaintiff,                     )
                                       )      No. 07 C 5455
    v.                                 )
                                       )      Judge John W. Darrah
LINAMAR CORPORATION,                   )
a Canadian corporation,                )
                                       )
        Defendants.                    )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Becknell Development, L.L.C. ("Becknell"), filed a Forcible Entry and Detainer action against Defendant, Linamar Corporation ("Linamar"), in the Circuit Court of Cook County to recover possession of real property, past due rent, and other damages. Defendant later removed the action to this Court. Presently pending before this Court is Plaintiff's Motion for Summary Judgment.

## FACTS

Becknell and Linamar entered into a lease agreement ("Lease"), effective October 5, 2006, under which Linamar agreed to lease certain premises to be constructed by Becknell in Dupo, Illinois ("Premises"). (Pl.'s 56.1(a)(3) Statement ¶ 3). Pursuant to the lease, Becknell, at its own expense, constructed a building that contained the Premises in accordance with specifications provided by Linamar. (Id., ¶ 4). Under the Lease, Linamar was obligated to pay Becknell an early completion bonus ("bonus") of $1,000 per day for each day the construction was completed prior to February 20, 2007, with a maximum payment of $30,000. (Id., ¶ 5).

The lease term commenced on the date ("commencement date") construction of the Premises was substantially completed in accordance with the final plans and specifications for the building comprising the Premises. (Pl.'s 56.1(a)(3) Statement ¶ 9). Substantial completion was defined as occurring upon the final of three events: (a) issuance of a certificate of occupancy (temporary or permanent) for the Premises; (b) Becknell's architect's issuing a certificate of substantial completion; and (c) certification by Linamar that the Premises were substantially completed. (Id., ¶ 9).

On January 9, 2007, Becknell completed the building shell and sent written notice of the completion to Linamar. (Pl.'s 56.1(a)(3) Statement ¶ 6). On March 19, 2007, Linamar sent a letter to Becknell, which stated that the bonus terms had been reached on January 9, 2007, though Linamar believed other work still needed to be completed in order for the lease term to commence. (Id., ¶ 7). Linamar has not paid any monies owed to Becknell for the bonus. (Id., ¶ 8).

On March 1, 2007, the Village of Dupo, Illinois issued a temporary occupancy certificate; and Becknell's architect issued a certificate of substantial completion for the Premises. (Pl.'s 56.1(a)(3) Statement ¶¶ 10-11). Pursuant to the Lease, Linamar had fifteen days from the receipt of the certificates to prepare a "Punch List" of items that it contended had not been completed in accordance with the agreed specifications. (Id., ¶ 12). On March 8, 2007, Paul Pilon, Plant Engineer for Linamar's Exkor Manufacturing Division, inspected the Premises and created a list of items that had not been completed in accordance with the agreed specifications. (Id., ¶ 13). On March 19, 2007, Linamar sent Becknell a letter, acknowledging that the certificates had been issued and requesting that the items on Pilon's list be completed. (Id., ¶ 13). On March 27, 2007, Pilon again inspected the Premises and informed Becknell by e-mail that "there [were] no longer any outstanding items which would have material impact on the lessee's use and occupancy. Becknell

2

[had] completed the work in the building as per the agreement." (Id., ¶ 14). That same day, Becknell provided Pilon with a set of keys to the Premises. (Id., ¶ 15). Pilon confirmed receipt of the keys on behalf of Linamar and that "as of April 1, 2007 Linamar [would] have sole use and access to the building interior." (Id., ¶ 15).

On March 29, 2007, Becknell sent a letter to Linamar, confirming that "as agreed the lease commenced on March 23, 2007 and extends 87 months until June 30, 2014." (Pl.'s 56.1(a)(3) Statement ¶ 16). The letter also confirmed that rent "shall begin on June 23, 2007," provided Linamar with a schedule of rent payments, and requested payment of the bonus. (Id., ¶ 16). The letter requested that Linamar indicate its agreement with the statements contained therein by signing and returning a signed copy of the letter to Becknell. (Id., ¶ 16). Derek Balding, General Manager of Linamar's Exkor Manufacturing Division, signed the March 29, 2007 letter on behalf of Linamar, indicating Linamar's agreement with the statements. (Id., ¶ 17).

Pursuant to the Lease, Linamar had a right to possession of the Premises as of and after March 23, 2007, the commencement date. (Pl.'s 56.1(a)(3) Statement ¶ 18). Linamar was required to pay rent, beginning with a pro-rated amount for the month of June 2007, which amounted to $10,733.33, beginning on June 23, 2007. (Id., ¶ 19). Beginning July 1, 2007 and on the first day of each subsequent month, Linamar was required to pay rent in the amount of $46,000, subject to a 1 percent increase after three years and a 1 percent increase each subsequent year from the then-current level. (Id., ¶ 19).

On both April 9 and April 18, 2007, Linamar requested information from Becknell regarding Linamar's liability if it elected to cancel the Lease. (Pl.'s 56.1(a)(3) Statement ¶ 20). Becknell informed Linamar that its potential liability for cancellation of the Lease was in excess of

$3,000,000. (Id., ¶ 20). On June 19, 2007, Linamar informed Becknell that it might not be able to make a rent payment on July 1, 2007, and again inquired about potential liability if the Lease were canceled. (Id., ¶ 21). On that day, Becknell reaffirmed Linamar's obligation to pay rent and reminded Linamar that the Premises were constructed at Becknell's expense, based upon the Lease and Linamar's credit, not any agreement Linamar might have with any other party. (Id., ¶ 22).

On July 25, 2007, Becknell sent Linamar a Notice of Defaults ("Notice") for failure to pay rent for the partial month of June and the month of July and failure to pay the bonus. (Pl.'s 56.1(a)(3) Statement ¶ 24). Under the Lease, Linamar had thirty days from the date of service of the Notice to avoid termination by curing any defaults. (Id., ¶ 25). Linamar received the Notice on July 26, 2007. (Id., ¶ 26). Linamar did not, however, make payments for any amounts due under the Lease. (Id., ¶ 27). The Lease provides that should Linamar's defaults and failure to cure result in termination, Linamar shall be liable for all rent as it would otherwise have become due and payable for the full-stated term of the Lease, less any rent obtained by re-letting the Premises. (Id., ¶ 28).

From at least April 2007, Linamar, with the assistance of Sansone Group/DDR, LLC ("Sansone"), a commercial real estate brokerage, sought another party to assume Linamar's obligations under the Lease or to sublet some or all of the Premises. (Pl.'s 56.1(a)(3) Statement ¶ 29). Linamar engaged in negotiations with several different parties, specifically Decoma Modular Systems, Inc. ("Decoma"), though no agreement was ever reached. (Id., ¶ 29). During that time, Becknell cooperated with Linamar and Sansone in attempts to locate another party to assume

Linamar's lease obligations or to sublet, including reviewing proposed lease agreements and requested structural modifications to the Premises. (Id., ¶ 30). Subsequent to its notice to Linamar, Becknell engaged Sansone as a broker to assist Becknell in finding a party to rent some or all of the Premises. (Id., ¶ 31).

As a result of its efforts to find another tenant, at the time this action was initiated, Becknell was negotiating and was near completion of a lease agreement with Decoma. (Pl.'s 56.1(a)(3) Statement ¶ 32). The lease Becknell was negotiating with Decoma is for 100,000 square feet of the 160,000 square feet available at the Premises and is at a rate substantially similar to Linamar's rental rate under the original lease. (Id., ¶ 32).

On September 10, 2007, Becknell filed a Forcible Entry and Detainer action against Linamar, seeking immediate possession of the Premises, amounts owed for rent, damages, costs and fees for Linamar's defaults under and breaches of the Lease. (Pl.'s 56.1(a)(3) Statement ¶ 33). On September 27, 2007, Linamar removed the action to this Court. (Id., ¶ 34).

As of November 2, 2007, Linamar had not paid Becknell any of the amounts due under the Lease; at which time, Linamar owed a total of $270,733.33 for back-rent and the bonus. (Pl.'s 56.1(a)(3) Statement ¶ 23).

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are

viewed in the light most favorable to the non-moving party. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party cannot, however, defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).

### *Possession of the Premises*

Becknell argues that it is entitled to immediate possession of the Premises. According to Becknell, Linamar's default and failure to cure allowed Becknell to terminate the Lease and, therefore, to re-take possession of the Premises.

Where a forcible entry and detainer action is brought after a peaceable entry by a defendant, "the plaintiff must establish a right of possession to the disputed premises." *Noe v. Clemens*, 174 Ill. App. 3d 223, 230 (1988). Linamar concedes that as of April 1, 2007, it had sole use and access to the Premises and that its right to possession began on March 23, 2007. Linamar also admits that Becknell is now entitled to possession of the Premises. Through its own assertions and Linamar's admissions, Becknell has established that it is entitled to possession of the Premises.

There is no issue as to any material fact with regard to possession. Therefore, summary judgment in favor of Becknell is granted as to the issue of possession.

### *Unpaid Rent*

Becknell argues that it is entitled to the unpaid rent Linamar owes pursuant to the Lease. According to Becknell, the Lease clearly requires Linamar to pay rent during the entire term of the Lease, regardless of early termination. Linamar urges that Becknell's termination of the Lease acts

6

to bar Becknell from recovering rent beyond the time of termination and that monies owed under an agreement to pay for the entire term are not properly defined as "rent." While it is true that lessors cannot typically recover rent after re-entry subsequent to default by the lessee, the parties to a lease agreement may agree that the lessee will be bound to pay all rent to the end of the term. *Grommes v. St. Paul Trust Co.*, 147 Ill. 634, 643 (1893)("*Grommes*"). While it may not be accurate to call monies owed after default "rent," "[i]t can make but little practical difference whether the sum agreed to be paid be called rent or damages." *Grommes*, 147 Ill. at 643.

Linamar does not dispute that the parties agreed within the Lease that any default by Linamar and subsequent failure to cure would result in termination and an obligation to pay any amounts due for the term of the Lease. Nor does Linamar dispute that it in fact defaulted and failed to cure. Linamar does dispute, however, that a pro-rated rental fee became due on June 23, 2007, arguing that rent was not due until "the third full calendar month" after the commencement date. First, it is important to note that Linamar has admitted that on March 29, 2007, one of its general managers signed a letter, indicating agreement on Linamar's behalf with a commencement date of March 23, 2007, an initial rent payment coming due on June 23, 2007, and its obligation to pay the $30,000 bonus. In any event, under Illinois law, "'[w]here 'month,' as employed in a statute . . . or contract . . . means calendar month, a period of a month or months is to be computed not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month . . . .'" *Ropiequet v. Aetna Life Ins. Co.*, 309 Ill. App. 346, 355 (1941). Therefore, even absent the letter specifying June 23, 2007, as the date rent first became due, the Lease was clear that rent would become due three months from the exact date of commencement, March 23, 2007.

7

Linamar has also admitted that as of November 2, 2007, it owes Becknell a total of $270,733.33 for past-due rent and the bonus. That total covers rent due for the months of June through November, a sum of $240,733.33.

There is no issue as to any material fact with regard to the rent owed by Linamar as of November 2, 2007. Therefore summary judgment in favor of Becknell is granted with respect to the issue of rent due.

*Early Completion Bonus*

Becknell also seeks to recover the $30,000 early-completion bonus. While Linamar admits that it owes Becknell the bonus, it contends that adjudication of liability for the bonus is not proper here because the matter is not germane to the issue of possession. *See* 735 ILCS 5/9-106 ("no matter not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise."). Under Illinois law a court presiding over a forcible entry and detainer action is considered "a court of special and limited jurisdiction for that proceeding." *Clark Oil & Refining Corp. v. Banks*, 34 Ill. App. 3d 67, 71 (1975). However, "[a] state may not use state law to limit the jurisdiction of the federal courts." *Gary A. v. New Trier High School Dist. No. 203*, 796 F.2d 940, 945 (7th Cir. 1986). Therefore, this Court may exercise jurisdiction over Becknell's claim for damages with regard to the early-completion bonus. *See also* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . .").

Given that Linamar does not deny that its liability for the early-completion bonus, there is no issue as to any material fact. Therefore, summary judgement with regard to Becknell's claim for damages resulting from Linamar's failure to pay the bonus is appropriate.

*Mitigation*

In Illinois, a lessor is required to make reasonable attempts to mitigate damages caused by the default of a lessee. *JMB Props. Urban Co. v. Paolucci*, 237 Ill. App. 3d 563, 567 (1992) (*JMB*). The reasonableness of a lessor's attempts to mitigate is a question of fact. *JMB*, 237 Ill. App. 3d at 568.

Linamar admits Becknell's efforts to mitigate included attempting to aid Linamar in finding a party or sublessee to assume Linamar's obligations under the Lease, as well as hiring a commercial real estate broker to aid Becknell in finding a party with whom it could directly negotiate for a lease. Becknell was successful in finding a party to lease the Premises within three months of Linamar's default and failure to cure – as of November 2, 2007, Becknell was in negotiations for a lease of more than half the square footage available at the Premises, at a higher rate than the original lease, set to commence on February 1, 2008. Linamar has provided no evidence to contradict the reasonableness of Becknell's efforts. Under the circumstances, Becknell's attempts at mitigation were reasonable. *See JMB*, 237 Ill. App. 3d at 568 (reletting an abandoned space within seven

months of default for one-half the amount paid by defendant was a reasonable effort to mitigate); *see also Kallman v. Radioshack Corp.*, 315 F.3d 731, 740 (7th Cir. 2002) (mitigation efforts unreasonable because plaintiff delayed two-and-a-half years before reletting property, delayed needed improvements to property, and, contrary to advice of real estate broker, sought rental rates higher than what defendant had paid for the unimproved property).

Therefore, summary judgment is not precluded because Becknell made reasonable efforts to mitigate the damages resulting from Linamar's default; and there are no issues as to any material fact with regard to mitigation.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted. Becknell is granted immediate possession of the Premises; and Linamar is ordered to pay Becknell past-due rent in the amount of $240,733.33 and the early-completion bonus in the amount of $30,000.00.

Dated: February 28, 2008

JOHN W. DARRAH
United States District Court Judge